UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SYED ABID IQBAL,

      Plaintiff,

v.                                   CASE NO. 3:11-cv-369-J-37JBT

DEPARTMENT OF JUSTICE *et al.*,

      Defendants.

_____/

### ORDER

**THIS CAUSE** is before the Court on Defendants' Motion for Protective Order

("Motion for Protective Order") (Doc. 97), Plaintiff's Response thereto (Doc. 100),

and Plaintiff's Motion to Compel Subpoenas ("Motion to Compel") (Doc. 101).[1]  For

the reasons stated herein, the Motion for Protective Order is due to be **GRANTED**

and the Motion to Compel is due to be **DENIED**.[2]

### I.    The Parties' Positions

In the Motion for Protective Order, the individual Defendants seek a stay of the

discovery against them, including the depositions of Agent Skinner and Agent Stelly

that were noticed by Plaintiff for July 16, 2013 and July 17, 2013, respectively,

pending the Court's resolution of the issue of qualified immunity raised in the

---

[1] Although the time for filing a response to the Motion to Compel has not yet passed, the Court need not await a response in light of its ruling.

[2] These rulings are without prejudice to Plaintiff moving for leave to issue particularized discovery, only if necessary, that pertains to the defense of qualified immunity.

individual Defendants' Dispositive Motion to Dismiss Plaintiff's Third Amended Complaint ("Dispositive Motion") (Doc. 89).  (Doc. 97.)   In the same Motion, Defendants United States of America and Department of Justice ask that any discovery that proceeds against them, including the deposition of David M. Hardy that was noticed for July 11, 2013, be limited to the claims and defenses that are still pending before the Court.  (*Id.*)

*Pro se* Plaintiff opposes the Motion for Protective Order arguing that the depositions of the individual Defendants should proceed because even if qualified immunity is dispositive of Plaintiff's claims for damages, it does not apply to his claims for declaratory and injunctive relief.  (Doc. 100 at 8.)  Plaintiff further argues that Mr. Hardy's deposition should proceed because the Third Amended Complaint alleges "misrepresentation concerning records" of which Mr. Hardy has direct knowledge.  (*Id.* at 2.)  Plaintiff reiterates the same arguments in his Motion to Compel where he seeks, *inter alia*, an order compelling Defendants to "produce all three fact witnesses [for a deposition] on agreed date and time within 7 days." (Doc. 101 at 8.)

## II.   Standard

In regard to stays of discovery:

[T]he moving party bears the burden of showing good cause and reasonableness. . . . In deciding whether to stay discovery pending resolution of a pending [dispositive] motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the [dispositive] motion will be granted and entirely

eliminate the need for such discovery.

*Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (citation omitted); *see also S.D. v. St. Johns Cnty. Sch. Dist.*, 2009 WL 3231654, *2 (M.D. Fla. Oct. 1, 2009) (same)*; Allmond v. Duval Cnty.*, 2008 WL 4833099, *1 (M.D. Fla. Nov. 5, 2008) (same).

Particularly when a dispositive motion raises the issue of qualified immunity, it may be appropriate to stay discovery until resolution of that motion, *see, e.g.*, *Moore v. Potter*, 141 F. App'x 803, 807 (11th Cir. July 8, 2005) (per curiam), because qualified immunity "is an *immunity from suit* rather than a mere defense to liability," *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis in original). Therefore, a defendant asserting qualified immunity "is entitled to dismissal before the commencement of discovery" unless the allegations in the complaint state a claim for a violation of clearly established law.  *Id.*; *see also Osborn v. Haley*, 549 U.S. 225, 253 n.18 (2007) (observing that "immunity-related questions should be resolved at the earliest opportunity").

## III.    Analysis

The Court finds it appropriate to grant the Motion for Protective Order and stay discovery against the individual Defendants in light of their defense of qualified immunity until resolution of the Dispositive Motion, or until further order of the Court. As to the remaining Defendants, the Court agrees with Defendants that any discovery should be limited to those claims and defenses that are still pending

3

before the Court.  Thus, if Plaintiff proceeds with Mr. Hardy's deposition, he must limit the deposition to the search for an amendment or correction request made by Plaintiff.  In light of this ruling, Plaintiff's Motion to Compel is due to be denied.

Accordingly, it is **ORDERED**[3]:

1.      The Motion for Protective Order (**Doc. 97**) is **GRANTED**.  Discovery against the individual Defendants is **STAYED** until resolution of the Dispositive Motion, or until further order of the Court.

2.      The Motion to Compel (**Doc. 101**) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, on July 29, 2013.


_____
JOEL B. TOOMEY
United States Magistrate Judge


Copies to:

Counsel of Record

Any Unrepresented Party

---

[3] *See also supra* n.2.

4